**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Baltimore Division**

|  |  |  |
|---|---|---|
| CBRE REALTY FINANCE TRS, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 08-cv-1964 |
| BRIAN A. MCCORMICK | ) ) ) | |
| and | ) ) | |
| CHARLES W. MOORE, | ) ) ) | |
| Defendants. | ) ) | |

## DEFENDANTS' AMENDED ANSWER

Defendants, Brian A. McCormick ("McCormick") and Charles W. Moore ("Moore") (hereinafter collectively the "Defendants"), answer the Plaintiff, CBRE Realty Finance TRS, LLC's, (hereinafter the "Plaintiff") Complaint as follows:

1. To the extent that paragraph 1 is an attempt to describe the claims brought by the Plaintiff, the allegations do not require a response. To the extent they constitute allegations of fact, the allegations are denied.

2. The Defendants lack information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 and the same are therefore denied.

3. It is admitted that Defendant Moore is an adult individual residing in New York. The remaining allegations are denied.

4. Admitted.

5. The Defendants admit that the amount in controversy is in excess of $75,000.00. The Defendants lack information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 5 and the same are therefore denied.

6. The allegations contained in paragraph 6 call for a legal conclusion and therefore no response is required.

7. The allegations contained in paragraph 7 call for a legal conclusion to which no response is required.

8. It is admitted that CBF Holdings and Triton RF are parties to a Loan Agreement dated as of October 31, 2005 and that Triton RF issued a promissory note to CBF Holdings. Further answering, the Original Rodgers Forge Loan and any promissory note speak for themselves and any attempt to summarize or re-characterize the terms of such documents is denied.

9. Admitted.

10. Admitted.

11. Admitted.

12. It is admitted that Defendants executed a guaranty in favor of CBF Holdings. Further answering, the guaranty speaks for itself and any attempt to summarize or re-characterize the same is denied.

13. Defendants are without sufficient information to admit or deny the allegations contained in paragraph 13 and therefore such allegations are denied.

14. It is admitted that CBF and Triton RF are parties to a certain Loan Agreement dated as of April 14, 2006 and that Triton RF executed an amended and restated promissory note

in favor of CBF.  Further answering, the Rodgers Forge Loan and Rodgers Forge Note speak for themselves and any attempt to summarize or re-characterize the same is denied.

    15.    Denied.

    16.    The first sentence of paragraph 16 is admitted.  It is denied that Rodgers Forge Apartments Realty Company Limited Partnership is or was a subsidiary of Triton RF.  The terms of Rodgers Forge Note and any Indemnity Deed of Trust speak for themselves and any attempt to summarize or re-characterize the same is denied.

    17.    It is admitted that the Defendants executed an amended and restated guaranty relative to the Rodgers Forge Loan.  Further answering, the Rodgers Forge Guaranty speaks for itself and any attempt to summarize or re-characterize the same is denied.

    18.    To the extent the allegations contained in paragraph 18 call for a legal conclusion they are denied.  Further answering, the Rodgers Forge Guaranty speaks for itself and any attempt to summarize or re-characterize the same is denied.

    19.    The Rodgers Forge Guaranty and Rodgers Forge Loan Agreement speak for themselves and any attempt to summarize or re-characterize the same is denied.

    20.    The Rodgers Forge Guaranty speaks for itself and any attempt to summarize or re-characterize the same is denied.

    21.    It is admitted only that CBF declared a default and accelerated the indebtedness it claimed under the Rodgers Forge Note.  It is further denied that any failure to make payments to Ohio Savings Bank constituted a reason for CBF to declare a default.  The remaining allegations contained in paragraph 21 are denied.

    22.    Admitted.

23.     It is admitted that on or about April 27, 2007 CBF sent a certain notice to the Defendants.  Such notice speaks for itself and any attempt to summarize or re-characterize such notice is denied.

24.     It is admitted only that the CBF has made certain demands on the Defendants and that the Defendants have not made payments to CBF in response to that demand.  It is denied that the Defendants are liable to CBF or otherwise required to make payments to CBF.

25.     The Rodgers Forge Guaranty speaks for itself and any attempt to summarize or re-characterize the same is denied.

26.     Denied.  By way of further answer, any failure to complete any portion of the project on time or on budget was either waived by Plaintiff or was the result of Plaintiff's conduct.

27.     It is admitted that certain taxes associated with the Project were not paid prior to the foreclosure.  However, the failure to pay the said taxes resulted from the failure of CBF to honor its promises to provide continued funding of the interest reserve or to waive current interest payments, the result of which was that the Borrower was required to use money that otherwise would have gone into project development, including the payment of ongoing taxes, to the payment to CBF of ongoing interest payments.  The balance of the allegations contained in paragraph 27 are denied.  By way of further answer, the Rodgers Forge Loan speaks for itself and any attempt to summarize or re-characterize the same is denied.

28.     It is admitted that CBF and Montrose are parties to a Loan Agreement dated as of November 8, 2005 and that Montrose issued a promissory note to CBF.  Further answering, the Montrose Loan Agreement and any promissory note speak for themselves and any attempt to summarize or re-characterize the terms of such documents is denied.

29. Admitted.

30. Admitted.

31. Denied.

32. Denied.

33. It is denied that Montrose acquired Triton Pavilion, LLC. The remaining allegations are admitted.

34. Admitted.

35. It is admitted that Exhibit B is a true and correct copy of the Montrose Guaranty, which was executed by the Defendants. The Montrose Guaranty speaks for itself and any attempt to summarize or re-characterize the same is denied.

36. The Montrose Guaranty speaks for itself and any attempt to summarize or re-characterize the same is denied.

37. The Montrose Guaranty speaks for itself and any attempt to summarize or re-characterize the same is denied.

38. The Montrose Guaranty speaks for itself and any attempt to summarize or re-characterize the same is denied.

39. It is admitted that CBF took ownership of Montrose. The remaining allegations are denied.

40. It is admitted only that on or about April 27, 2007, CBF provided a certain notice to the Defendants. The notice provided speaks for itself and any attempt to summarize or re-characterize such notice is denied.

41. It is admitted only that the CBF has made certain demands on the Defendants and that Defendants have not made any payments to CBF in response. It is denied that the Defendants are liable to CBF or were obligated to make any payments pursuant to that demand.

42. It is admitted only that certain tax obligation on the Montrose Property were not satisfied and that CBF advanced funds to satisfy the same. However, the failure to pay the said taxes resulted from the failure of CBF to honor its promises to provide continued funding of the interest reserve or to waive current interest payments, the result of which was that the Borrower was required to use money that otherwise would have gone into project development, including the payment of ongoing taxes, to the payment to CBF of ongoing interest payments. The balance of the allegations contained in paragraph 42 are denied.

43. Denied.

44. Denied.

45. Denied.

46. It is admitted only that CBF wrote to the Defendants on or about August 9, 2007 and made certain demands. The August 9, 2007 letters speak for themselves and any attempt to summarize or re-characterize the same is denied.

47. The Montrose Guaranty speaks for itself and any attempt to summarize or re-characterize the same is denied.

48. Denied.

### COUNT I
### BREACH OF CONTRACT (Rodgers Forge)

49. Defendants incorporate the foregoing responses herein by reference.

50. Denied.

51. Denied.

52.  Denied.

## COUNT II
## BREACH OF CONTRACT (Montrose)

53.  Defendants incorporate the foregoing responses herein by reference.

54.  Denied.

55.  Denied.

56.  Denied.

57.  Denied.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's action is barred by the doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's action is barred by its own unclean hands.

### FOURTH AFFIRMATVE DEFENSE

Plaintiff's action is barred by its failure to mitigate its damages.

### FIFTH AFFIRMATVE DEFENSE

Plaintiff's action is barred by the doctrine of duress.

### SIXTH AFFIRMATVE DEFENSE

Plaintiff's action is barred by the doctrine of illegality.

### SEVENTH AFFIRMATVE DEFENSE

Plaintiff's action is barred by the doctrines of waiver and estoppel.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred by the doctrine of setoff.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred because it violated its covenant of good faith and fair dealing.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's action is barred as a result of its own failure to perform in accordance with the agreements that are at issue in this case.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's action is barred as a result of its fraud in the inducement relative to the agreements upon which its claims rely.

WHEREFORE, the Defendants Brian A. McCormick and Charles W. Moore pray that this Honorable Court:

1. Dismiss the Complaint;

2. Enter judgment in its favor and against Plaintiff on the Complaint; and

3. Grant such further relief as the Court deems just.

> BRIAN A. MCCORMICK
> and CHARLES W. MOORE,
>
> By their attorneys,
>
> */s/ Ryan D. Sullivan*
> Joseph S.U. Bodoff (D. Md. Bar No. 92160)
> Ryan D. Sullivan (D. Md. Bar No. 16382)
> Bodoff & Associates, P.C.
> 120 Water Street
> Boston, MA  02109
> (617) 742-7300

Dated: March 6, 2009.