**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**Baltimore Division**

|  |  |
|---|---|
| CBRE REALTY FINANCE TRS, LLC, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 08-cv-1964 |
| BRIAN A. McCORMICK | ) |
| and | ) |
| CHARLES W. MOORE, | ) |
| Defendants. | ) |

**MEMORANDUM IN SUPPORT OF MOTION OF DEFENDANTS**
**TO CLARIFY AND/OR TO EXTEND DEADLINE**
**TO MAKE RULE 26(a)(2)(A) EXPERT DISCLOSURE**

Defendants, Brian A. McCormick ("McCormick") and Charles W. Moore ("Moore") (hereinafter collectively the "Defendants") seek hereby an order (1) clarifying the Court's December 9, 2009 scheduling order, (2) declaring that they have complied with the order as it applies to the required Rule 26(a)(2)(A) disclosures, and/or (3) extending the time for them to do so.[1]

**Procedural History**

On December 9, 2008, Judge Davis issued a scheduling order that provided, among other things, for deadlines of February 9, 2009 for Plaintiff to make its "Rule 26(a)(2) disclosure re experts," for Defendants to make their disclosure on or before March 9, 2009, and for Plaintiff to make its rebuttal disclosure on or before March 23, 2009 (hereinafter the "Initial Scheduling

---

[1] Defendants note that on May 29, 2009, they notified Plaintiff that they required another week to identity of their expert witness and requested that Plaintiff consent to that disclosure at that time. In a letter dated June 1, 2009, Plaintiff refused, stating that it did not intend to introduce expert testimony at trial.

1

Order"). The Initial Scheduling Order further set a deadline of March 30, 2009 to supplement disclosures.

Shortly after the issuance of the Initial Scheduling Order – on December 22, 2008 – the Plaintiff filed a Motion to Dismiss the Defendants' Counterclaim (hereinafter the "Motion to Dismiss"). During pendency of the Motion to Dismiss, the Plaintiff submitted a Request for an Extension of Time to File Rule 26(a)(2) expert disclosures by letter to the Court, to which Defendants assented. On February 7, 2009 the Court issued an order "extending all dates in the scheduling order by 75 days…" Therefore, in accordance with such extension, the deadline for the plaintiffs to submit their expert disclosure was April 27, 2009, and Defendants' deadline for expert disclosure was May 26, 2009. The deadline to supplement is June 15, 2009.

The parties served on each other interrogatories and document requests at or about March 20, 2009. These interrogatories requested the disclosure of expert witnesses. On April 29, 2009, Plaintiff responded as follows to Defendants' Interrogatory No. 4 requesting the identity of expert witnesses:

> RFC responds that this interrogatory is premature. RFC will disclose any expert witnesses in accordance with the Court's scheduling order(s).

Five days earlier, on April 24, 2009, Defendants responded as follows to Plaintiff's Interrogatory No. 2, requesting similar information:

> [Defendants] ha[ve] not at this time engaged any expert witness. [Defendants] will supplement this answer as required by the applicable Rules of Civil Procedure.

As it turns out, while Plaintiff stated that it was premature to disclose the identity of its expert and that it would do so in accordance with the Court's scheduling orders, the deadline for that disclosure had actually passed two days before its interrogatory responses.[2]

Although Defendants did not provide a formal disclosure under Rule 26(a)(2) labeled as such, their answer to interrogatories, made on April 24, 2009, prior to their May 26th deadline, accurately disclosed that they had not yet engaged an expert. That response remained true as of the May 26th deadline.

By May 26, 2009, counsel for defendants had settled on an expert, but the retention required the approval of the defendants, one of whom was out of the country at the time (and had been for the previous two weeks) with limited access to email. On June 3, 2009, the Defendants engaged Navigant Consulting as their experts. Simultaneously herewith – prior to the deadline for Defendants to supplement their Rule 26 disclosures – the Defendants have served on Plaintiff a Rule 26 disclosure informing the Plaintiff of their retention of Navigant Consulting and the scope of that retention, *i.e*, to provide expert opinion bearing on the financial feasibility of the construction projects underlying this dispute, the reasonableness or lack thereof of the Plaintiff's conduct, the damages, if any, flowing from the alleged breach by the Defendants of their guaranty and the Plaintiff's failure to mitigate damages.

### The Meaning of the Rule 26(a)(2) Scheduling Order Deadline

Fed. R. Civ. P. 26(a)(2) provides, in pertinent part, as follows:

(A)   *In General*. In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the

---

[2] Defendants assume that Plaintiff's response was made in good faith and that it believed at the time that the deadline had not passed for it to submit its expert disclosure. Nevertheless, had Plaintiff realized at the time that it did not intend to retain an expert it should have so stated in response to the interrogatory. Its letter on June 1st that stated that it did not respond by its April 27th deadline because it did not intend to hire an expert (see footnote 1) is, at best, disingenuous.

3

>    identity of any witness it may use at trial to present
>    evidence under Federal Rule of Evidence 702, 703, or 705.
>
> (B)  *Written Report*.  Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony…
>
> (C)  *Time to Disclose Expert Testimony*.  A party must make these disclosures at the times and in the sequence that the court orders.  Absent a stipulation or a court order, the disclosures must be made:
>
>> (i)  at least 90 days before the date set for trial or for the case to be ready for trial; or
>>
>> (ii) if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) within 30 days after the other party's disclosure.
>
> (D)  *Supplementing the Disclosure.*  The parties must supplement these disclosures when required under Rule 26(e).

Read literally, the scheduling order would require not just that experts be identified, but that expert reports be submitted by the stated deadlines.  For the Plaintiff, that would mean that its expert report would need to be submitted 2-1/2 months before the close of fact discovery.  Defendants' would be due 1-1/2 months before the close of fact discovery.  Plaintiff's rebuttal report would be due 30 days prior to the close of fact discovery.  Supplementation would be required 24 days prior to the close of fact discovery.  Because it is impossible for any expert to issue a meaningful report before discovery has closed,[3] Defendants have always believed that the intention of the scheduling order was for each side to disclose the identity of their experts by the stated deadlines, to the extent that they have engaged experts.  Supplementation of this

---

[3] Indeed, less than two weeks ago, the Plaintiff produced to the Defendant in excess of 4,500 pages of documents in paper format in addition to three CDs of documents in response to the Defendants' Request for Production of Documents.  This is in addition to an equal or greater number of Defendants' documents that the experts will need to review.

4

disclosure, of course, would be required by the deadline set by the court to supplement that response, which, in this case, is June 15, 2009.

      This motion, therefore, requests that the Court either clarify that the scheduling order was not intended to require expert reports to be submitted by the stated deadlines or to extend the deadlines for doing so.  In this regard, Defendants believe that expert reports should not be required prior to 30 days after the close of fact discovery.

**Compliance with Scheduling Order**

Defendants believe that their response to Plaintiff's Interrogatory No. 2 constitutes adequate compliance with Rule 26(a)(2). Had Defendant labeled the documents as a Rule 26(a)(2) disclosure it would not have said anything more. Defendants' Rule 26 Disclosure being served contemporaneously herewith adequately serves as a supplement to that response, setting forth the identity of the experts and the substance to which they are expected to testify, as currently known to the Defendants. To the extent Defendant's response to Interrogatory No. 2 is not considered by this Court to constitute compliance with Rule 26(a)(2), Defendants request hereby that the Court extend the time for them to comply to June 12, 2009, the date that Defendants served their supplemental disclosure.

Plaintiff will suffer no prejudice by way of an extension of the deadline to provide Rule 26(a)(2) disclosures (if in fact one is required), as discovery in this matter has not progressed beyond the initial stages, depositions have not yet been conducted, the Court has not yet scheduled a trial in this matter[4], and the Court has scheduled a Scheduling Conference for June 16, 2009 "to discuss the appropriate schedule in this case."

        BRIAN A. McCORMICK
        and CHARLES W. MOORE,

        By their attorneys,

        */s/ Ryan D. Sullivan*
        Joseph S.U. Bodoff (D. Md. Bar No. 92160)
        Ryan D. Sullivan (D. Md. Bar No. 16382)
        Bodoff & Associates, P.C.
        120 Water Street
        Boston, MA  02109
        (617) 742-7300

Dated: June 12, 2009

---

[4] Pursuant to Fed. R. Civ. P. 26(a)(2)(C), the deadline for disclosure of expert witnesses (unless noted otherwise by order of the Court) is at least 90 days before the date set for trial or for the case to be ready for trial.