**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**Baltimore Division**

|  |  |  |
|---|---|---|
| CBRE REALTY FINANCE TRS, LLC, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 08-cv-1964 |
| BRIAN A. MCCORMICK | ) | |
| and | ) | |
| CHARLES W. MOORE, | ) | |
| Defendants. | ) | |

**OPPOSITION TO DEFENDANTS**
**MOTION TO EXTEND DISCOVERY DEADLINE**

Howard H. Stahl (D. Md. Bar No. 24741)
Jennifer Quinn-Barabanov (D. Md. Bar No. 1649)
George R. Calhoun, V (D. Md. Bar No. 25018)
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036
Tel:  (202) 429-3000
Fax:  (202) 429-3902

*Attorneys for Plaintiff RFC TRS, LLC*

## **INTRODUCTION**

This Court held a scheduling conference on June 16, 2009, at which time Defendants presented their request for an extension of the discovery deadline. The Court directed the parties to proceed under the current discovery schedule. Expecting Plaintiffs to move for summary judgment promptly after the close of discovery, the Court further specified that Defendants would have an opportunity to request additional discovery if they believed it was necessary because the Court would then have a meaningful context in which to evaluate that request. Three days later, Defendants filed the motion at issue. Nothing has changed that would justify a deviation from the Court's prior ruling. Defendants claim that they need more time because Plaintiff produced some documents. Although those documents are not particularly voluminous, Plaintiff agrees that they are more than should be required in this matter. Defendants, however, cannot complain: they only reason for the volume is Defendants' own refusal to narrow their discovery despite Plaintiff's request that they do so. At bottom, Defendants' motion is just the latest attempt to delay.

Defendants have had every opportunity to take discovery in this case. Defendants have not served a single piece of third party discovery nor noticed a single deposition. Nor have Defendants produced a single document from Mr. McCormick. Tellingly, Defendants initiated efforts to conduct a 30(b)(6) deposition of the Plaintiff on the day of the last status conference, only after the Court deferred decision on their last request to extend discovery in this case. In contrast, Plaintiff recently completed the deposition of one defendant, has scheduled Mr. McCormick's deposition and has produced thousands of pages of documents.

Aside from the scheduling issues, Defendants cannot show any need for an extended discovery schedule. While Defendants argue that Plaintiff has mischaracterized this action as a

"routine collection matter," Defs.' Mem. in Support at 4-5, that was Judge Davis' conclusion after reviewing extensive briefing filed in connection with the Motion to Dismiss Defendants' Amended Counterclaim. Defendants now argue this case is not an ordinary collection matter because they profess to have a novel theory of damages. Defendants scarcely mention their liability defenses, implicitly acknowledging their weakness and the virtual irrelevance of discovery with respect to liability issues. Thus, Defendants belated request for an extension is based solely on their claim that they need discovery because Plaintiff must prove causation of its damages. Defs.' Mem. at 6. There is nothing novel there; causation is an essential part of any claim for damages.

Defendants also claim that they need more time for discovery to explore their mitigation defense. But they have known Plaintiff's damages theory since April 22 when Plaintiff submitted its responses to interrogatories. And they have the documents that Plaintiff has produced relevant to damages. Moreover, Plaintiff does not seek, as Defendants seem to suggest, the loan balance on either the Rodgers Forge or Montrose loans from the Defendants. Rather, according to the specific terms of the applicable guaranties, Plaintiff alleges that Defendants are responsible for sums expended in addition to the loan amounts to pay taxes, liens (or to avoid the imposition of liens), and senior lender interest so that construction could continue apace. These elements of damages are quite simple. If Defendants do not believe they are properly chargeable under the guaranty that is a simple question of contract interpretation – not a question of fact.

## **ARGUMENT**

The Court should not deviate from the schedule it reaffirmed at the June 16 scheduling conference. The Court set forth a practical solution: let discovery proceed under the normal

schedule.  If, after Plaintiff files its motion for summary judgment, Defendants still believe they need additional discovery, they may request it under Rule 56(f).  Nothing has changed to alter the reasoning behind the Court's practical approach.

Defendants must show good cause to modify the schedule.  Rule 16(b) provides that: "A schedule may be modified only for good cause and with the judge's consent"  Moreover, the scheduling order controlling here specifically provided that the "schedule will not be changed except for good cause."

Defendants claim that cause exists because of the complexity of the case, the volume of documents produced on both sides and the timing of Plaintiff's production.  None of the proffered reasons even approaches good cause.  This case is not complex.  Interpreting contractual guaranties, causation and mitigation arguments are all vanilla legal matters with which this Court has ample familiarity.  Nor are the issues particularly complex.  There are two guaranties that will require interpretation and the Court will need to determine whether the terms of those agreements were breached and whether the damages claimed by Plaintiff (all of which relate to actual out of pocket sums expended in addition to the original loan amount) are properly claimable under the guaranties.

Defendants' alleged need for additional time for discovery focuses primarily on damages issues.  Their argument appears to be that certain of Plaintiff's damages do not flow from their guaranties.  They do not appear to be contesting that Plaintiff spent what it claims to have spent in an effort to rescue the projects at issue.  As a result, the issue of whether the guaranty covers certain expenditures is a question of contract interpretation, and thus a matter of law appropriate for summary disposition.

Defendants have also raised affirmative defenses of fraud and illegality but rely solely on an alleged oral agreement between McCormick and RFC that would stand in direct contradiction to the integration clauses contained in the loan documents. Judge Davis dismissed the identical counterclaims made on this theory and cautioned Defendants that they would not be permitted to alter the terms of the written agreements. March 3, 2009 Motion to Dismiss Tr. at 64:7-65:2. Thus, Defendants' affirmative defenses also do not pose any complex issues or any fact intensive ones.

As to the volume and timing of production, Defendants essentially protest that they will have to work too hard to do what they need to do. Even Defendants concede that they can only show good cause if they have exercised diligence. *See* Defs.' Mem. at 4. But Defendants cannot show that they have exercised any sort of diligence in this matter. The fact that they have waited until now to begin third-party discovery tells the Court all it needs to know about Defendants' diligence. Indeed, much of the alleged "cause" claimed by Defendants is that one of them chose to leave the country for nearly a month without providing documents to his own counsel. Defs.' Mem. at 7.

Finally, the Court has already set a schedule that accommodates Defendants' stated needs. Plaintiff will file a motion for summary judgment following the close of discovery on July 7, 2009. Plaintiff believes that its motion will be successful. If, however, Defendants continue to believe that additional discovery time might reveal some disputed question of material fact on damages issues, they will be free – as the Court noted – to request additional discovery at that time under Rule 56(f).

## **CONCLUSION**

For the foregoing reasons, the Court should refuse Defendants' request to modify the discovery schedule.

June 24, 2009                                         Respectfully submitted

                                                                                     /s/ George R. Calhoun
Howard H. Stahl (D. Md. Bar No. 24741)
Jennifer Quinn-Barabanov (D. Md. Bar No. 1649)
George R. Calhoun, V (D. Md. Bar No. 25018)
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036
Tel:  (202) 429-3000
Fax:  (202) 429-3902

*Attorneys for Plaintiff RFC TRS, LLC*