UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Baltimore Division

| | |
|---|---|
| RFC TRS, LLC, | ) |
|     Plaintiff, | ) |
| v. | ) Case No. 08-cv-1964 |
| BRIAN A. McCORMICK | ) |
| and | ) |
| CHARLES W. MOORE, | ) |
|     Defendants. | ) |

**DEFENDANTS' MEMORANDUM OF LAW IN REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO EXTEND DISCOVERY DEADLINE**

In opposing Defendants' motion to extend the discovery deadline, Plaintiff totally ignores its own culpability in creating the situation where an extension is necessary. It was *after* the scheduling conference on July 16th that Defendants finally received from Plaintiff the overwhelming majority of the documents it had requested,[1] consisting of Bates numbers RFC004507 through RFC068866, a total of 64,359 pages of documents! All of these documents were provided on a DVD. They were not grouped in any way; instead, each scanned sheet of paper is a separate document. The end result is that one cannot easily determine the beginning and end of each document. Nor does the document production comply with the requirements of Rule 34(b)(2)(E) of the Federal Rules of Civil Procedure that the documents be produced "as they are kept in the usual course of business or organize[d] and label[ed] to correspond to the categories in the request."

---

[1] These documents were produced only after counsel for Defendants sent counsel for Plaintiff a letter demanding their production.

To put into perspective the magnitude of this production, at a very conservative two seconds per page it would take nearly 36 hours just to review these documents, let alone analyze them.  The documents are divided into 129 folders, each containing approximately 500 pages.  It has taken counsel for Defendants nearly two hours to go through just one of these folders.  The estimate of 36 hours for the entirety is clearly conservative.  Yet, Plaintiff somehow thinks it is reasonable for Defendants to review all of these documents and conduct depositions in the three weeks that remained after it belatedly produced them to Defendants.  Moreover, the hardship on counsel for Defendants cannot be overstated.  A three-lawyer firm with a full caseload, it also must attend to its other cases during this time period, including the preparation for and conducting of expert depositions in a multi-million dollar contract dispute and the preparation of an appeal brief in an antitrust matter for filing in the First Circuit Court of Appeals.

These documents are far from unimportant.  For example, among the documents central to Defendants' mitigation of damages defense is that Plaintiff acted unreasonably.  Relevant to this issue is what information Plaintiff had and what actions it took with that information.  Curiously, Plaintiff did not include any of these documents in its initial production of 4,506 pages of documents.  Yet, the documents produced on July 16th contain hundreds of pages relevant to this issue, including reports of consultants hired by Plaintiff.  What these reports say and how Plaintiff reacted to them are of utmost importance to this case.  Likewise, Defendants' document request asked Plaintiff to produce both internal and external correspondence.  Tellingly, the correspondence produced by Plaintiff in its first production consisted of only *eight* emails!  The

documents produced on July 16th appears to contain dozens of emails, many (if not most) of which are quite substantive. While Defendants have not had a chance to review all of the emails, those that were reviewed provide insight into how the Plaintiff was approaching these loans and evidenced a degree of internal conflict regarding the way that Plaintiff handled the loans. Finally, Defendants also requested that Plaintiff produce all internal memoranda concerning these loans. In its first production, Plaintiff turned over seven Investment Committee Memoranda, with a number of memoranda obviously missing. Defendants have already viewed an additional two Investment Committee Memoranda in the production made on July 16th and expect to find more as counsel goes through the documents.

There are myriad examples like these. The point is that the documents are relevant and it will take much more time than Plaintiff has provided the Defendants to review them and to conduct depositions and other discovery in a meaningful manner. Indeed, it will probably take Defendants at least that long to determine whether Plaintiff has even turned over all of the requested documents – something which, based on Plaintiff's conduct to date, is not a given. For example, while Plaintiff has turned over some Investment Committee Memoranda, Defendants will need to review the entirety of the document production to determine whether there are gaps in the production. Of course, this would have been easier to accomplish had Plaintiff complied with Rule 34(a)(2)(E) and produced the documents in an orderly manner. But, it did not.

While Plaintiff suggests that Defendants have caused the problem themselves by requesting too much, it is not for Plaintiff to substitute its own biased judgment as to what Defendants would find helpful in this case. The Defendants do believe they are

3

important.  Moreover, the discovery requests were well within the scope permitted by Rule 26.  If Plaintiff had an objection to them, it could have raised it.  It did not.

Finally, contrary to Plaintiff's assertion, this case is not just about the interpretation of a simple guaranty.  It is about the factual underpinnings that connect Plaintiff's allegation that Defendants breached their promise to cause the projects to be completed on time and on budget with the damages that Plaintiff alleges.  It has everything to do with the reasonableness of Plaintiff's actions in making the expenditures that it now claims as damages.

At more than $15 million in issue, it goes without saying that this is a significant case for Defendants.  The only way they can properly defend it is to be afforded more than the few weeks that Plaintiff has imposed on them to review the 64,000 pages of newly produced documents and conduct other discovery.  In a lawsuit that was brought more than a year after Plaintiff first made demand on Defendants, the harm to Defendants in not giving them the two months they have requested far outweighs any harm to Plaintiff by requiring them to wait an additional two months.

              BRIAN A. McCORMICK
              and CHARLES W. MOORE,

              By their attorneys,

              */s/ Joseph S.U. Bodoff*
              Joseph S.U. Bodoff (D. Md. Bar No. 92160)
              Ryan D. Sullivan (D. Md. Bar No. 16382)
              Bodoff & Associates, P.C.
              120 Water Street
              Boston, MA  02109
              (617) 742-7300

Dated: June 25, 2009