UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Baltimore Division

| | |
|---|---|
| CBRE REALTY FINANCE TRS, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 08-cv-1964 |
| BRIAN A. MCCORMICK ) | |
| ) | |
| and ) | |
| ) | |
| CHARLES W. MOORE, ) | |
| ) | |
| Defendants. ) | |

## DECLARATION OF DANIEL FARR

I, Daniel Farr, declare:

1.   I am the Chief Financial Officer at RFC TRS, LLC ("RFC") in Hartford, Connecticut. I am making this Declaration in support of RFC's Motion for Summary Judgement in the above-captioned lawsuit. The matters set forth in this Declaration are true of my own knowledge and belief, and if called as a witness, I could testify to their truth.

2.   This Declaration is submitted for the purposes of authenticating the documents cited in the accompanying Statement of Material Facts Not In Dispute in Support of the Motion For Summary Judgment

3.   Attached hereto as **Exhibit 1** is a true and correct copy of the Complaint filed by RFC against the Defendants.

4. Attached hereto as **Exhibit 2** is a true and correct copy of the Amended Answer filed by Defendants.

5. Attached hereto as **Exhibit 3** is a true and correct copy of Defendant Charles Moore's Responses to RFC's Interrogatories, sworn to and signed on April 24, 2009.

6. Attached hereto as **Exhibit 4** is a true and correct copy of Defendant Brian McCormick's Responses to RFC's Interrogatories, sworn to and signed on April 24, 2009.

7. Attached hereto as **Exhibit 5** is a true and correct copy of RFC's Responses to the Defendants' Interrogatories, sworn to and signed on April 29, 2009.

8. Attached hereto as **Exhibit 6** is a true and correct copy of the April 14, 2006 Loan Agreement between Triton Rodgers Forge, LLC and CBRE Realty Finance TRS, LLC, which RFC has maintained in the normal course of business and produced in this action.

9. Attached hereto as **Exhibit 7** is a true and correct copies of the October 31, 2005 Promissory Note between Triton Rodgers Forge, LLC and CBRE Realty Finance TRS, LLC, which RFC has maintained in the normal course of business and produced in this action.

10. Attached hereto as **Exhibit 8** is a true and correct copy of the April 14, 2006 Amended and Restated Promissory Note between Triton Rodgers Forge, LLC and CBRE Realty Finance TRS, LLC, which RFC has maintained in the normal course of business and produced in this action.

11. Attached hereto as **Exhibit 9** is a true and correct copy of the April 14, 2006 Amended and Restated Guaranty by Moore and McCormick in favor of CBRE Realty Finance TRS, LLC, which RFC has maintained in the normal course of business and produced in this action.

- 3 -

12. Attached hereto as **Exhibit 10** is a true and correct copy of the October 1, 2005 First Amendment to Indemnity Deed of Trust and Security Agreement made by Rodgers Forge Apartments Realty Company, L.P. in favor of J. Richard Saas for the benefit of CBRE Real Estate Finance TRS, LLC, which RFC has maintained in the normal course of business and produced in this action.

13. Attached hereto as **Exhibit 11** is a true and correct copy of the November 8, 2005 Loan Agreement between Montrose Investment Holdings, LLC and CBRE Realty Finance TRS, LLC, which RFC has maintained in the normal course of business and produced in this action.

14. Attached hereto as **Exhibit 12** is a true and correct copy of the November 8, 2005 Promissory Note between Montrose Investment Holdings, LLC and CBRE Realty Finance TRS, LLC, which RFC has maintained in the normal course of business and produced in this action.

15. Attached hereto as **Exhibit 13** is a true and correct copy of the November 8, 2005 Guaranty between Montrose Investment Holdings, LLC and CBRE Realty Finance TRS, LLC, which RFC has maintained in the normal course of business and produced in this action.

16. Attached hereto as **Exhibit 14** is a true and correct copy of the November 8, 2005 Membership Interest Pledge and Security Agreement between Montrose Investment Holdings, LLC and CBRE Realty Finance TRS, LLC, which RFC has maintained in the normal course of business and produced in this action.

17. Attached hereto as **Exhibit 15** is a true and correct copy of the November 10, 2005 Intercreditor Agreement between Fremont Investment & Loan and CBRE Realty Finance TRS, LLC, which RFC has maintained in the normal course of business and produced in this action.

- 4 -

18. Attached hereto as **Exhibit 16** is a true and correct copy of the April 27, 2007 Agreement Regarding Mezzanine Lender's Cure Rights between Fremont Investment & Loan and CBRE Realty Finance TRS, LLC, which RFC has maintained in the normal course of business and produced in this action.

19. Attached hereto as **Exhibit 17** is a true and correct copy of the January 14, 2008 Sale and Purchase Agreement between Pavilion, LLC (at the time a subsidiary of RFC) and Angelo Gordon Real Estate, Inc., which RFC has maintained in the normal course of business and produced in this action.

20. Attached hereto as **Exhibit 18** is a true and correct copy of the Rodgers Forge Sponsor Overview, which Brian McCormick authenticated at his July 7, 2009 deposition. McCormick Dep. Exh. 1 (M01262-M01276), authenticated at McCormick Tr. 14:18-22.

21. Attached hereto as **Exhibit 19** is a true and correct copy of the March 28, 2005 engagement letter from L.J. Melody to Brian McCormick, which Brian McCormick authenticated at his July 7, 2009 deposition.  McCormick Dep. Exh. 2 (MC00350-MC00353), authenticated at McCormick Tr. 18:1-9.

22. Attached hereto as **Exhibit 20** is a true and correct copy of a January 17, 2007 letter from Naka, Huttar & Oldhouser, LLP to RFC which RFC has maintained in the normal course of business and produced in this action.

23. Attached hereto as **Exhibit 21** is a true and correct copy of a January 17, 2007 letter from Naka, Huttar & Oldhouser, LLP to Triton Rodgers Forge, LLC (copy to RFC) which RFC has maintained in the normal course of business and produced in this action.

24. Attached hereto as **Exhibit 22** is a true and correct copy of a January 17, 2007 letter from Naka, Huttar & Oldhouser, LLP to Triton Rodgers Forge, LLC (copy to RFC) which RFC has maintained in the normal course of business and produced in this action.

25. Attached hereto as **Exhibit 23** is a true and correct copy of a February 1, 2007 letter from RFC to Triton Rodgers Forge, LLC which RFC has maintained in the normal course of business and produced in this action.

26. Attached hereto as **Exhibit 24** is a true and correct copy of a May 3, 2007 email from Brian McCormick to Paul Martin which Brian McCormick authenticated at his July 7, 2009 deposition. McCormick Dep. Exh. 19 (MC11554-MC11555), authenticated at McCormick Tr. 78:18-79:2.

27. Attached hereto as **Exhibit 25** is a true and correct copy of a February 6, 2007 email from Angela Nagel to Matthew Alix which RFC has maintained in the normal course of business and produced in this action.

28. Attached hereto as **Exhibit 26** is a true and correct copy of a June 25, 2007 letter from Brian McCormick to RFC which Brian McCormick authenticated at his July 7, 2009 deposition. McCormick Dep. Exh. 22 (M03708), authenticated at McCormick Tr. 87:21-88:10.

29. Attached hereto as **Exhibit 27** is a true and correct copy of the April 23, 2007 Notice of Foreclosure circulated by Anne-Therese Bechamps which RFC has maintained in the normal course of business and produced in this action.

30. Attached hereto as **Exhibit 28** is a true and correct copy of the June 19, 2007 Rodgers Forge Judicial Sale Ratification which is a judicial document and which RFC has maintained in the normal course of business and produced in this action.

31. Attached hereto as **Exhibit 29** is a true and correct copy of an April 27, 2007 letter from RFC to Charles Moore and Brian McCormick which RFC has maintained in the normal course of business and produced in this action.

32. Attached hereto as **Exhibit 30** is a true and correct copy of an August 9, 2005 email from Maury Zanoff to Andrew Manley attaching a draft term sheet which RFC has maintained in the normal course of business and produced in this action.

33. Attached hereto as **Exhibit 31** is a true and correct copy of an August 19, 2005 draft term sheet which Brian McCormick authenticated at his July 7, 2009 deposition. McCormick Dep. Exh. 29 (M00183), authenticated at McCormick Tr. 119:4-11.

34. Attached hereto as **Exhibit 32** is a true and correct copy of an October 28, 2005 draft term sheet which RFC has maintained in the normal course of business and produced in this action.

35. Attached hereto as **Exhibit 33** is a true and correct copy of a November 1, 2005 draft term sheet which Brian McCormick authenticated at his July 7, 2009 deposition. McCormick Dep. Exh. 36 (M00287), authenticated at McCormick Tr. 144:19-145:5.

36. Attached hereto as **Exhibit 34** is a true and correct copy of a November 2, 2005 email from Maury Zanoff with a draft term sheet and a sources and uses spreadsheet attached, which Brian McCormick authenticated at his July 7, 2009 deposition. McCormick Dep. Exh. 37 (MC11404-MC11468), authenticated at McCormick Tr. 144:6-13.

37. Attached hereto as **Exhibit 35** is a true and correct copy of an October 12, 2005 email chain between Maury Zanoff and Brian McCormick which Brian McCormick authenticated at his July 7, 2009 deposition. McCormick Dep. Exh. 30 (MC11349-MC11354), authenticated at McCormick Tr. 122:19-123:8.

- 7 -

38. Attached hereto as **Exhibit 36** is a true and correct copy of an October 12, 2005 email chain between Maury Zanoff, Brian McCormick and Fremont Investment which Brian McCormick authenticated at his July 7, 2009 deposition. McCormick Dep. Exh. 31 (MC11355-MC11363), authenticated at McCormick Tr. 128:7-129:10.

39. Attached hereto as **Exhibit 37** is a true and correct copy of an October 12, 2005 email from Maury Zanoff to Brian McCormick which Brian McCormick authenticated at his July 7, 2009 deposition. McCormick Dep. Exh. 32 (MC11366-MC11368), authenticated at McCormick Tr. 132:6-12.

40. Attached hereto as **Exhibit 38** is a true and correct copy of an October 19, 2005 email from Maury Zanoff to Andrew Manley which RFC has maintained in the normal course of business and produced in this action.

41. Attached hereto as **Exhibit 39** is a true and correct copy of a November 1, 2005 email from Steven Tyminski to Maury Zanoff which RFC has maintained in the normal course of business and produced in this action.

42. Attached hereto as **Exhibit 40** is a true and correct copy of a January 26, 2006 Sources and Uses Spreadsheet which Charles Moore authenticated at his June 19, 2009 deposition. Moore Dep. Exh. 19 (M03392-M03456), authenticated at Moore Tr. 91:19-96:21.

43. Attached hereto as **Exhibit 41** is a true and correct copy of a November 6-7, 2005 email chain between Maury Zanoff and Brian McCormick which Brian McCormick authenticated at his July 7, 2009 deposition. McCormick Dep. Exh. 39 (MC11491-MC11494), authenticated at McCormick Tr. 150:4-8.

44. Attached hereto as **Exhibit 42** is a true and correct copy of a November 7, 2005 email chain between Maury Zanoff and Andrew Manley with copies to Brian McCormick and

Charles Moore which Brian McCormick authenticated at his July 7, 2009 deposition. McCormick Dep. Exh. 41 (MC11517-MC11520), authenticated at McCormick Tr. 182:4-16.

45.     Attached hereto as **Exhibit 43** is a true and correct copy of a November 7, 2005 email chain between Maury Zanoff and Andrew Manley which Brian McCormick authenticated at his July 7, 2009 deposition. McCormick Dep. Exh. 40 (MC11503-MC11508), authenticated at McCormick Tr. 155:17-156:2.

46.     Attached hereto as **Exhibit 44** is a true and correct copy of a November 7, 2005 email chain between Maury Zanoff and Brian McCormick which Brian McCormick authenticated at his July 7, 2009 deposition. McCormick Dep. Exh. 38 (MC11495-MC11496), authenticated at McCormick Tr. 153:16-19.

47.     Attached hereto as **Exhibit 45** is a true and correct copy of a November 9, 2005 email exchange between Maury Zanoff and Jim Evans which Brian McCormick authenticated at his July 7, 2009 deposition. McCormick Dep. Exh. 45 (MC11531-MC11532), authenticated at McCormick Tr. 209:19-210:3.

48.     Attached hereto as **Exhibit 46** is a true and correct copy of a November 9, 2005 email chain from Maury Zanoff to Brian McCormick which Brian McCormick authenticated at his July 7, 2009 deposition. McCormick Dep. Exh. 44 (MC11528-MC11530), authenticated at McCormick Tr. 203:15-22.

49.     Attached hereto as **Exhibit 47** is a true and correct copy of an April 20, 2006 letter from Freemont Investment, LLC to Triton Pavilion, LLC (copy to RFC) which RFC has maintained in the normal course of business and produced in this action.

- 9 -

50. Attached hereto as **Exhibit 48** is a true and correct copy of an August 25, 2006 letter from Freemont Investment, LLC to Triton Pavilion, LLC (copy to RFC) which RFC has maintained in the normal course of business and produced in this action.

51. Attached hereto as **Exhibit 49** is a true and correct copy of a November 9, 2006 email chain between Angela Nagel and Brian McCormick which RFC has maintained in the normal course of business and produced in this action.

52. Attached hereto as **Exhibit 50** is a true and correct copy of a December 13, 2006 letter from RFC to Montrose Investment Holdings, LLC which RFC has maintained in the normal course of business and produced in this action.

53. Attached hereto as **Exhibit 51** is a true and correct copy of a January 31, 2007 letter from RFC to Montrose Investment Holdings, LLC, attaching letters from January 11 and 24, 2007, which RFC has maintained in the normal course of business and produced in this action.

54. Attached hereto as **Exhibit 52** is a true and correct copy of a January 24, 2007 letter from Freemont Investment and Loan to Triton Pavilion, LLC (copy to RFC) which RFC has maintained in the normal course of business and produced in this action.

55. Attached hereto as **Exhibit 53** is a true and correct copy of an April 27, 2007 letter from RFC to Brian McCormick and Charles Moore which RFC has maintained in the normal course of business and produced in this action.

56. Attached hereto as **Exhibit 54** is a true and correct copy of an April 27, 2007 Notification of Disposition of Collateral letter from RFC which RFC has maintained in the normal course of business and produced in this action.

57. Attached hereto as **Exhibit 55** is a true and correct copy of an April 25, 2007 letter from Brian McCormick to Fremont Investment & Loan which RFC has maintained in the normal course of business and produced in this action.

58. Attached hereto as **Exhibit 56** is a true and correct copy of a May 8, 2007 email from Brian McCormick to RFC which RFC has maintained in the normal course of business and produced in this action.

59. Attached hereto as **Exhibit 57** is a true and correct copy of a January 31, 2007 email from Brian McCormick to RFC which RFC has maintained in the normal course of business and produced in this action.

60. Attached hereto as **Exhibit 58** is a true and correct copy of a March 26, 2007 email from Brian McCormick to RFC which RFC has maintained in the normal course of business and produced in this action.

61. Attached hereto as **Exhibit 59** is a true and correct copy of a February 28, 2007 email from Brian McCormick to Paul Martin which RFC has maintained in the normal course of business and produced in this action.

62. Attached hereto as **Exhibit 60** is a true and correct copy of RFC's accounting of Rodgers Forge foreclosure costs which RFC has maintained in the normal course of business and produced in this action.

63. Attached hereto as **Exhibit 61** is a true and correct copy of RFC's accounting of the Rodgers Forge post-foreclosure costs which RFC has maintained in the normal course of business and produced in this action.

64. Attached hereto as **Exhibit 62** is a true and correct copy of the Rodgers Forge 2007 Property Tax Bill and associated RFC Disbursement Authorization which RFC has maintained in the normal course of business and produced in this action.

65. Attached hereto as **Exhibit 63** is a true and correct copy of RFC's accounting of Montrose post-foreclosure expenses which RFC has maintained in the normal course of business and produced in this action.

66. Attached hereto as **Exhibit 64** is a true and correct copy of an RFC Wire Authorization Form and Montgomery County Property Tax Bill which RFC has maintained in the normal course of business and produced in this action.

67. Attached hereto as **Exhibit 65** is a true and correct copy of RFC's accounting of Montrose foreclosure Costs which RFC has maintained in the normal course of business and produced in this action.

68. Attached hereto as **Exhibit 66** is a true and correct copy of a December 14, 2006 email from McCormick to Andrew Manley which RFC has maintained in the normal course of business and produced in this action.

69. RFC Holdings was an affiliate of CBRE Realty Finance TRS, LLC ("CBRE TRS") and subsequently assigned the October 31, 2005 Rodgers Forge Loan to CBRE TRS.

70. CBRE TRS is the predecessor by name change to RFC, the Plaintiff in this action.

71. The Rodgers Forge Loan was mezzanine financing, meaning that RFC's liens, security, and right to repayment were subordinate to those of the senior lender on the Rodgers Forge Project.

72. RFC advanced protective interest payments to Ohio Savings Bank to prevent the latter from foreclosing on the Rodgers Forge Property and wiping out its security.

73. RFC was the only bidder on the Rodgers Forge Property.

74. RFC advanced $352,612.03 of property taxes owed and not paid by Rodgers Forge.

75. RFC made $1,602,283.71 in protective interest payments to Ohio Savings Bank prior to the foreclosure as a result of Rodgers Forge's failure to pay.

76. RFC made $2,361,298.83 in protective interest payments to Ohio Savings Bank subsequent to the foreclosure as a result of Rodgers Forge's failure to pay.

77. RFC expended $62,509.36 in legal fees and costs in connection with handling contractor lien issues, the tax issues and the negotiations with the senior lender necessitated by the defaults on the Rodgers Forge Loan.

78. RFC did not fail to perform its own obligations under the Montrose Loan Documents.

79. RFC conducted a foreclosure sale of Montrose at which it was the high bidder.

80. RFC advanced $562,155.86 of property taxes owed and not paid by Montrose.

81. RFC made $4,499,607.86 in protective interest payments to Fremont prior to the foreclosure as a result of Montrose's failure to pay.

82. RFC made $4,555,160.53 in protective interest payments to Fremont subsequent to the foreclosure as a result of Montrose's failure to pay.

83. RFC paid $3,374,288.12 to unpaid contractors and materialmen to clear mechanics' liens.

84. RFC expended $257,608.04 in legal fees and costs in connection with handling contractor lien issues, the tax issues and the negotiations with the senior lender necessitated by the defaults on the Montrose Loan.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 6th day of August 2009, at Hartford, CT

*Daniel Farr*

Daniel Farr