**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Baltimore Division**

| | | |
|---|---|---|
| CBRE REALTY FINANCE TRS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 08-cv-1964 |
| | ) | |
| BRIAN A. McCORMICK | ) | |
| | ) | |
| and | ) | |
| | ) | |
| CHARLES W. MOORE, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' REPLY TO
PLAINTIFF'S OPPOSITION TO RULE 56(f) MOTION**

**INTRODUCTION**

By its Reply to Defendants' Opposition to Motion for Summary Judgment and Opposition to Defendants' Rule 56(f) Motion (hereinafter "RFC's Opposition"), the Plaintiff RFC TRS, LLC ("RFC") continues its campaign to have a judgment of more than $22 million entered against the Defendants Brian A. McCormick and Charles W. Moore (the "Defendants") without an examination of its claims on the merits, and without providing the Defendants with a fair opportunity to conduct discovery.  If, as RFC asserts, its claims are unassailable, than one must wonder why RFC is attempting to take advantage of any perceived procedural basis it can muster in order to deny the Defendants effective discovery.

The most glaring example of RFC's strategy to stonewall the Defendants' exploration of its claims is also its most recent.  In its Opposition, RFC admits that

1

$4,993,890.00 of its claimed damages were not disclosed to the Defendants at any time prior to the close of discovery on the one hand, while arguing that the Defendants are neither entitled to discovery on such damages nor to an order precluding their assertion as untimely on the other.

Notwithstanding RFC's efforts to hurry this case along, over $22 million in claims cannot be allowed based on a theory of damages that does not connect with the Defendants' obligations under the personal guaranties, without consideration of the Defendants' defenses and without any opportunity for the Defendants to conduct effective discovery.  There is too much at stake to brush aside both the Defendants' request for an extension of fact discovery in this matter and the Court's promise to allow for additional discovery in the event that the Defendants demonstrate such a need in order to respond to RFC's Motion for Summary Judgment.[1]  Because the Defendants have not had a fair opportunity to fully develop the facts in defense of RFC's multi-million dollar claim against them  their Rule 56(f) Motion must be granted.

## ARGUMENT

### A. *Despite Defendants' Best Efforts They Have Been Denied Effective Discovery*

In an effort to preclude an examination of its claim on the merits, RFC repeatedly insists that the Defendants have been provided a full and fair opportunity to complete their desired discovery, and that it was only by their lack of diligence that any discovery

---

[1] Defendants' Emergency Motion to Extend Discovery Deadline was denied by order of the Honorable Judge J. Frederick Motz on June 29, 2009.  Along with his denial of the Motion to Extend, Judge Motz issues a memorandum to counsel stating that, "[i]f, after plaintiff files its anticipated motion for summary judgment, defendants continue to believe that additional discovery is required, they may file an appropriate motion under Rule 56(f)…"

2

has not been completed. The following chart, showing the dates and sizes of RFC's document production demonstrates that RFC's assertions are wholly without merit:

| Date RFC Produced | No. of Pages Produced | Days After Document Request[2] | Days Prior to Close of Fact Discovery[3] | Time Required to Review Documents[4] |
|---|---|---|---|---|
| 5/27/09 | 4,500 | 70 days | 28 days | 1.6 days |
| 6/16/09 | 64,000 | 90 days | 14 days | 22 days |
| 7/2/09 | 19,798 | 107 days | 2 days | 6.9 days |

In sum, the chart demonstrates that RFC delayed unreasonably in its production of documents and then used that delay to squeeze the Defendants into conducting discovery in an impossibly short timeframe. With the exception of RFC's original production of 4,500 pages (representing a mere 5 percent of the entire production), it was impossible to review even the 64,000 pages produced on June 16th, let alone the additional 19,798 pages produced on July 2nd, just before the July 4th holiday weekend. Whether one credits RFC's assertion that it produced its documents as soon as possible or not, one must understand the impossibility of the Defendants reviewing the documents produced and effectively examining RFC's witnesses on their contents prior to the close of discovery on July 7, 2009.

RFC's contention that the Defendants' lack of diligence prevented their completion of discovery is belied by the fact that:

---

[2] Document requests were served on March 18, 2009.

[3] This is based on business days.

[4] Based on an average of 10 seconds to review each page. It is worth noting that RFC produced the documents as single file TIFF documents, meaning that each page of a document was a separate file. Moreover, the pages were not grouped together. This is like someone sending 15 banker's boxes of documents with neither staples nor dividers signifying the grouping of the pages.

- RFC has for the first time in its summary judgment papers disclosed an item of damages it values at just under $5 million;

- RFC produced over 64,000 pages of documents a mere 14 business days prior to the close of fact discovery, followed by an additional 19,798 pages two business days prior to the close of fact discovery;

- Despite the best efforts of counsel beginning on June 16, 2009, the parties were unable to coordinate a Rule 30(b)(6) deposition of RFC's designee on a date in which the deponent and counsel were available prior to the close of fact discovery;

- Defendants did not have the time to determine what persons other than Rule 30(b)(6) witnesses should be deposed; and

- Defendants could not expend their limited resources on the employment of an expert witness whose testimony may have been precluded and in any event would have been severely handicapped by the tardiness of RFC's document production.

1. <u>RFC's summary judgment papers assert previously undisclosed damages amounting to just under $5 million.</u>

RFC's disclosure after the close of discovery of its new theories of damages is improper and, as such, RFC should be barred from pursuing them. RFC's late disclosure of these new damages, combined with its vehement opposition to Defendants' taking any discovery, merely serves to underscore the gamesmanship in which they have engaged. RFC continues to assert that it is entitled to raise the additional $5 million claim after the close of discovery because it warned in answer to the damage interrogatory that its damage calculation was "premature." Not only has RFC failed to explain how it is that it

was unable to at least describe the existence of the additional category of damages earlier, but, even now, it still has failed to fulfill its obligation to supplement its interrogatory response. Fed. R. Civ. P. 26(e).

The message from RFC is clear: RFC should be able to ignore its own discovery obligations while forcing the Defendants to adhere to impossible deadlines. This, it is submitted, is wrong. RFC should not be afforded the opportunity to pile on damages after the close of discovery. At the same time, the Defendants should be afforded a reasonable opportunity, of which RFC is attempting to deprive it, to conduct discovery to develop the evidence supporting its defenses.

2. <u>The timing of RFC's document production precluded effective review and deposition of RFC's designee on their contents within the discovery deadline.</u>

Unable to dispute either the size or the timing of its document production, RFC asserts in a parochial manner that the Defendants "received every bit of discovery that they requested under the rules …," without regard to the timing of that production.[5]

As reflected in the chart at page 3 *supra,* RFC served an additional 64,000 pages of documents 14 business days prior to the close of fact discovery, followed by another 19,798 pages of documents two business days prior to the close of discovery. RFC protests that the volume of its document production is a product of the Defendants' expansive document requests as if the breadth of the Defendants' requests excuses its duty to timely produce its documents and waives the Defendants' right to have an adequate opportunity to both examine such documents and depose RFC's designee on their contents. As a matter of common sense, no such waiver exists. Moreover, that

---

[5] RFC's Opposition at p. 8.

Defendants asked for a lot of documents in a case that involves over $22 million in damages and relates to two complex construction projects is not out of the ordinary, unjustified or imposing. To the contrary, the expectation that counsel for the Defendants was to be able to review over 64,000 pages of documents relating to the loans and projects in question, and effectively prepare for a deposition of RFC's Rule 30(b)(6) designee(s) on topics that would include the contents of such documents in a matter of 14 business days is a monumental imposition.

3. <u>The Parties were unable to schedule the deposition of RFC's Rule 30(b)(6) designee(s).</u>

Again moving by sleight of hand, RFC points to the fact that no formal deposition notice was ever served relative to Defendants' desire to depose its Rule 30(b)(6) designee(s). The lack of such notice is reflective of Defendants' counsel's understanding that without agreement among the parties on a date for such deposition its serves would useless, and likely only spawn a motion for a protective order. In keeping with his obligations under guideline 4(a) of the Court's Discovery Guidelines, Defendants' counsel sought to confer with counsel for RFC in an effort to coordinate a date amenable to all concerned rather than to simply notice a date that was convenient for him.

Specifically, beginning on June 16, 2009 – the very day RFC finally served the greatest portion of its document production – Defendants' counsel wrote to counsel for RFC suggesting a number of dates for the deposition of RFC's Rule 30(b)(6) designee. Eight days after his initial request, counsel for RFC responded, however, the parties were

unable to agree on a date that was available for both party's counsel and the witness prior to the close of discovery on July 7, 2009.[6]

4. <u>As a practical matter, the Defendants could not have engaged an expert in this matter to provide an opinion in opposition to the motion for summary judgment.</u>

RFC ignores the reality that the Defendants could not, as a practical matter, employ an expert witness to aid in the preparation and presentation of their defenses to RFC's claims without first receiving a decision from the Court on their Motion Extend/Clarify Deadline to Make Rule 26(a)(2)(A) Expert Disclosures and the universe of documents controlled by RFC relating to the projects and RFC's damages.  Defendants chose not to expend their limited resources on hiring an expert whose testimony may ultimately be excluded and who for all but two business days of the discovery period would have been without a complete universe of documents responsive to the Defendants' discovery requests, electing instead to follow the suggestion of the Court and submit a Rule 56(f) motion in opposition to summary judgment.

---

[6] In an effort to reach a date that was workable for all parties, counsel for the Defendants suggested that the parties agree to hold the deposition the day after the close of fact discovery with the expectation that it would not delay RFC's planned filing of its motion for summary judgment or otherwise adversely impact the tracking order.  Counsel for RFC refused to proceed with a deposition even one day after the close of discovery and offered instead to have RFC's 30(b)(6) designee(s) and Defendants Brian McCormick deposed simultaneously on the last day of discovery.  Such simultaneous depositions would have left the Defendants in the impossible position of choosing to have a less experienced attorney defend the deposition of the individual with the most in-depth understanding of the facts of this case, or have counsel that is less familiar with the Defendants' defenses take the deposition of RFC's designee.

### B. *The Defendants Have Identified a Number of Issues That Require Additional Discovery*[7]

RFC's assertion that the "Defendants have identified no relevant argument that further discovery might permit them to make,"[8] again reflects its position that any challenge to its claimed damages is irrelevant simply because it says so. A sampling of the relevant arguments that the Defendants have identified in support of their Rule 56(f) Motion include:[9]

1. That RFC's claim of damages relative to protective interest payments are not recoverable from the Defendants under the Guaranties because such payments cannot be tied to either the Defendants' Specific Obligations as the term is defined in the Guaranties, or to any of the Additional Obligations;[10] and

2. That to the extent any of the claimed damages are properly tied to an obligation undertaken by the Defendants' in the Guaranties, RFC can only recover to the extent it mitigated its damages.[11]

---

[7] The issues discussed herein are intended as examples rather than an exhaustive list of the items on which further discovery is necessary in order to respond to RFC's Motion for Summary Judgment. The Court is directed to the Defendants' Memorandum in Opposition to Motion for Summary Judgment and in Support of Rule 56(f) along with its supporting papers for a more complete discussion of the outstanding issues.

[8] RFC's Opposition p. 8.

[9] Because RFC has the burden of proof on the issue of damages, Defendants should arguably prevail without the need to offer any evidence. Assuming that the Court is not now prepared to grant summary judgment in favor of Defendants, they seek discovery herein.

[10] Defendants' Opposition pp. 7-13.

[11] Id. pp. 25-28.

In the face of the clear language of the Guaranties supporting the Defendants' contention that only specific damages are recoverable from the Defendants, and clear case law requiring it to demonstrate that it mitigated it damages, RFC argues it does not need to go through this exercise, and that discovery on these issues or its damages as a whole is unnecessary. Its argument that the Completion Guaranty serves as the umbrella under which it can shield its claimed damages relative to the protective interest payments to senior lenders from the Defendants highlights precisely why additional discovery is necessary.

In arguing that its damages for protective payments to senior lenders (comprising just under 80% of its total claim) are attributable to the Defendants under the Completion Guaranty section of the Guaranties, RFC asserts – without any citation to the record – that had the Borrower Entities completed the projects on time they would have been able to generate sufficient sales income to make interest payments to the senior lenders and therefore eliminate the need for RFC to advance protective payments.[12] Because Restatement (Second) of Contracts § 347[13] requires that RFC's damages be measured by what it would have received had the Borrower Entities, and in turn the Defendants, performed, it is incumbent upon RFC to demonstrate that had the projects been completed on time and on budget, they would have generated sufficient income to satisfy the obligations to senior lenders and therefore eliminate any need for it to advance protective payments. There can be no doubt that RFC's unsworn declaration that

---

[12] RFC's Opposition at pp. 4-5.

[13] Not surprisingly, RFC does not point to any authority contradicting the Defendants' claim that the Restatement (Second) of Contracts § 347 provides the proper rubric under which its claimed damages are to be measured.

revenues from the projects would have been sufficient to satisfy the Borrower Entities' obligations to senior lenders is insufficient to support its Motion for Summary Judgment, requires a much greater development of the facts of this case and will unquestionably require expert opinion.[14]

Whether the Court is inclined to outright deny RFC's Motion for Summary Judgment and reopen discovery so that the Parties may properly prepare for a trial on the merits of this matter, or to allow the Defendants a continuance to complete discovery, judgment in favor of RFC – in any amount based on an underdeveloped record and flawed theory of damages cannot be entered.

## **CONCLUSION**

For the foregoing reasons, the Defendants Rule 56(f) Motion must be granted and they must be provided the opportunity to develop further facts in support of their defenses and to consult with an expert.

                                                 BRIAN A. McCORMICK
                                                 and CHARLES W. MOORE,
                                                 By their attorneys,

                                                 */s/ Ryan D. Sullivan*_____
                                                 Joseph S.U. Bodoff (D. Md. Bar No. 92160)
                                                 Ryan D. Sullivan (D. Md. Bar No. 16382)
                                                 Bodoff & Associates, P.C.
                                                 120 Water Street
                                                 Boston, MA  02109
Dated: September 21, 2009                  (617) 742-7300

---

[14] For example, in determining this issue, an expert would be required to opine as to the market conditions in Montgomery County and suburban Baltimore during the relevant months and the ability of such markets to absorb sufficient sales of the projects' units at an adequate price and pace to satisfy the Borrower Entities' obligations to senior lenders.